**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN LI, | No. 11-71465 |
| Petitioner, | Agency No. A095-024-218 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Jun Li, a native and citizen of China, petitions pro se for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies between Li's written statement and testimony regarding whether Li was present when the police were asked to "punish" Mr. Wang, whether Li was a witness in court for Mr. Wang, and whether the police officers who came to arrest him were uniformed or plain-clothed, as well as the omission from Li's written statement that hooligans attacked him. *See id.* at 1048 (the adverse credibility determination was reasonable under the totality of the circumstances). We reject Li's contention that the inconsistencies are minor. *See id.* at 1046. The agency also did not err in giving Li's documentary evidence limited weight. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam). In the absence of credible evidence, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Li's CAT claim also fails because it is based on the same evidence the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to China. *See id.* at 1156-57.

2                                                          11-71465

**PETITION FOR REVIEW DENIED.**